BUTTER-NUT BAKING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1381.　Promulgated March 8, 1944.

*Thomas B. Stoel, Esq.*, for the petitioner.
*Earl C. Crouter, Esq.*, for the respondent.

424

OPINION.

Disney, *Judge*: Under section 201 of the Second Revenue Act of 1940, petitioner was in the taxable year required to pay an excess profits tax. The computation of this tax involved a computation of the amount of the petitioner's invested capital, and such computation of invested capital in turn required, under section 718 (a) (4) of the Internal Revenue Code, as amended by the Second Revenue Act

of 1940,[1] an ascertainment of "The accumulated earnings and profits as of the beginning of such taxable year," for the reason that invested capital under the statute included such accumulated earnings and profits.

Contending that the gain upon insurance proceeds received, although not recognizable for income purposes, should be considered as "accumulated earnings and profits" as of the beginning of the taxable year, the petitioner relies largely upon *National Grocer Co.,* 1 B. T. A. 688. Therein the taxpayer realized a gain in 1917 from the involuntary conversion of certain assets. Having invested a part of the proceeds in similar assets, it was allowed to deduct from gross income in 1917, the year of the involuntary conversion, a proportionate part of the proceeds. In the computation of invested capital on its 1918 return, the petitioner included the full gain from the involuntary disposition of property. The Commissioner disallowed the amounts as a part of invested capital. The Board held that, "The surplus and undivided profits of a corporation at any given time is made up of all the realized gains, profits, and income of preceding years or periods and which 'remains after expenses and dividends' are paid." Therefore, the Board reversed the Commissioner and restored the amount to invested capital.

The petitioner also relies upon *International Boiler Works Co.,* 3 B. T. A. 283, but that case is of interest only because therein the Commissioner concedes that he erred in excluding from invested capital certain sums received from insurance proceeds and used in replacement.

The respondent points out that in the *National Grocer Co.* case there was involved section 234 (a) (14) of the Revenue Act of 1921,[2]

[1] SEC. 718. EQUITY INVESTED CAPITAL.

(a) DEFINITION.—The equity invested capital for any day of any taxable year shall be determined as of the beginning of such day and shall be the sum of the following amounts, reduced as provided in subsection (b)—

* * * * * * * *

(4) EARNINGS AND PROFITS AT BEGINNING OF YEAR.—The accumulated earnings and profits as of the beginning of such taxable year : * * *

[2] SEC. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions :

* * * * * * *

(14) If property is compulsorily or involuntarily converted into cash or its equivalent as a result of (A) its destruction in whole or in part, (B) theft or seizure, or (C) an exercise of the power of requisition or condemnation, or the threat or imminence thereof ; and if the taxpayer proceeds forthwith in good faith, under regulations prescribed by the Commissioner with the approval of the Secretary, to expend the proceeds of such conversion in the acquisition of other property of a character similar or related in service or use to the property so converted, or in the acquisition of 80 per centum or more of the stock or shares of a corporation owning such other property, or in the establishment of a replacement fund, then there shall be allowed as a deduction such portion of the gain derived as the portion of the proceeds so expended bears to the entire proceeds. The provisions of this paragraph prescribing the conditions under which a deduction may be taken in respect of the proceeds or gains derived from the compulsory or involuntary conversion of property into cash or its equivalent, shall apply so far as may be practicable to the exemption or exclusion of such proceeds or gains from gross income under prior income, war-profits and excess-profits tax Acts.

which retroactively applied to section 326 of the Revenue Act of 1918, included paid-in or earned surplus and undivided profits in invested capital, but that such act merely provides for a "deduction" from "gain derived," that is, allows deduction of "such portion of the gain derived as the portion of the proceeds so expended [for replacement] bears to the entire proceeds." Therefore, the Commissioner contends. in substance, the allowance of a deduction from recognized gain, under the Revenue Act of 1921, is not here controlling, for the reason that under the law in effect in 1941 the proceeds of insurance collected and used in replacements are not recognized as gain. and for the further reason that, under section 501 (a) of the Second Revenue Act of 1940.[3] gain or loss is permitted to increase or decrease earnings or profits only to the same extent as recognized in computing net income.

In our opinion, the respondent's position is well taken. It is obvious from a reading of section 234 (a) (14) of the Revenue Act of 1921 that gain was recognized as such, though obtained from involuntary conversion of property. The section speaks of "such portion of the gain derived," also of "the proceeds or gains derived from the compulsory or involuntary conversion of property," and allows a portion "as a deduction." On the other hand, section 501 (a) of the Second Revenue Act of 1940, after providing in effect for the computation of earnings and profits of the corporation by using as adjusted basis for determining gain the adjusted basis of property in the year of sale or disposition, then proceeds as follows:

* * * Gain or loss so realized shall increase or decrease the earnings and profits to, but not beyond, the extent to which such a realized gain or loss was recognized in computing net income under the law applicable to the year in which such sale or disposition was made. * * *

It thus becomes apparent that for the taxable year here at hand we have a statutory direction that earnings and profits may be increased by gain only to the extent that such gain was recognized in the compu-

---

[3] SEC. 501. EARNINGS AND PROFITS OF CORPORATIONS.

(a) UNDER INTERNAL REVENUE CODE.—Section 115 of the Internal Revenue Code is amended by inserting at the end thereof the following new subsections:

"(l) EFFECT ON EARNINGS AND PROFITS OF GAIN OR LOSS AND OF RECEIPT OF TAX-FREE DISTRIBUTIONS.—The gain or loss realized from the sale or other disposition (after February 28, 1913) of property by a corporation—

"(1) for the purpose of the computation of earnings and profits of the corporation, shall be determined, except as provided in paragraph (2), by using as the adjusted basis the adjusted basis (under the law applicable to the year in which the sale or other disposition was made) for determining gain, except that no regard shall be had to the value of the property as of March 1, 1913; but

"(2) for the purpose of the computation of earnings and profits of the corporation for any period beginning after February 28, 1913, shall be determined by using as the adjusted basis the adjusted basis (under the law applicable to the year in which the sale or other disposition was made) for determining gain.

Gain or loss so realized shall increase or decrease the earnings and profits to, but not beyond, the extent to which such a realized gain or loss was recognized in computing net income under the law applicable to the year in which such sale or disposition was made. * * *"

tation of net income, whereas under the law affecting the *National Grocer Co.* case, if gains were merely *realized*, they could properly be included in the determination of invested capital. Inasmuch as the $13,049.16 was not recognizable gain to the petitioner in 1938, it may not be used as a part of petitioner's earnings and profits accumulated at the beginning of the taxable year, under section 718 of the Second Revenue Act of 1940. The respondent did not err in disallowing the amount in the computation of invested capital.

*Decision will be entered under Rule 50.*